UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | |
|---|---|
| SUNTRUST BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CV-196 |
| ) | (Phillips) |
| DAVID CLINTON HINKLE a/k/a ) | |
| DAVID HINKLE and ) | |
| ALYCE A. HINKLE ) | |
| ALYCE ANN HINKLE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Presently pending in this case is plaintiff's motion for judgment on the pleadings [Doc. 10]. On May 5, 2009, plaintiff filed suit against defendants for breach of a promissory note [Doc. 1], for which summons issued and was served upon the defendants on May 8, 2009 [Docs. 4,5]. On May 29, 2009, plaintiffs moved for default [Doc. 6], after which the defendants filed an untimely answer [Doc. 7]. Plaintiff now seeks judgment on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure. In support of its motion for judgment on the pleadings, plaintiff filed the affidavit of the consumer finance officer at SunTrust Bank [Doc. 10].

Defendants responded to plaintiffs motion for judgment on the pleadings, arguing that plaintiff's motion should be considered under Rule 12(d) Federal Rules of Civil

Procedure, because the affidavit attached to the plaintiff's motion brought forth matters outside the pleadings and the motion should be treated as one for summary judgment and disposed of as provided in Rule 56, Federal Rules of Civil Procedure [Doc. 11]. Defendant requested that this Court deny plaintiff's motion for judgment on the pleadings, or, in the alternative, treat plaintiff's motion as a motion for summary judgment and allow the defendants the appropriate time to respond to the motion [Doc.11]. Plaintiffs then responded with a reply brief [Doc. 12], to which defendants filed a supplemental response, attaching the affidavit of one of the defendants [Doc. 15-1].

A motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure requires a Court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of claims that would entitle him or her to relief. *Meador v. Cabinet for Human Resources,* 902 F. 2nd 474, 475 (6th Cir. 1990), cert denied, 498 U.S. 867, 111 S. CT. 182, 112 L. Ed. 2nd 145 (1990). A Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F. 2nd 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F. 3rd 373, 377 (6th Cir. 1995) (noting that Courts should not weigh evidence or evaluate the credibility of witnesses). A Court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F. 2nd 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id (*citations omitted).

Rule 12(d), Federal Rules of Civil Procedure, directs that if, on a motion under Rule 12(b)(6), or 12(c), matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion, the Rule stipulates, and must be considered as a motion for summary judgment.

However, Rule 12 of the Federal Rules of Civil Procedure was not intended to be a substitute for summary judgment. Both plaintiff and the defendants have requested this Court to consider matters outside of the record in this case, and considering the record in the light most favorable to the nonmoving party, plaintiff's motion for judgment on the pleadings must be **DENIED** [Doc. 10].

**ENTER:**

      s/ Thomas W. Phillips
United States District Judge